UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BONAMIE,

        Plaintiff,                               CIVIL ACTION NO. 05 CV 70614 DT

        v.                                      DISTRICT JUDGE AVERN COHN

JO ANNE B. BARNHART,               MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Social Security case comes before the court on the Commissioner's motion for summary judgment and plaintiff's motion for remand.  For the reasons stated herein, the court recommends that the Commissioner's motion be granted, that plaintiff's motion be denied, and that plaintiff's complaint be dismissed with prejudice.

**II.  Procedural Background**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 28, 2002, claiming that she was disabled due to Fabry's disease[1] and a back injury, with an onset date of January 1, 2002.  (Tr. 71-73, 99)

---

[1] Fabry's disease is not a disease of the ankles, the ground upon which plaintiff seeks a remand.  It appears to be a possible diagnosis not germane to the issue here.  Fabry's disease is a

Plaintiff was 43 years of age when she filed the applications. The Social Security Administration (SSA) denied the claim on June 14, 2002. (Tr. 25-30) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 31) The hearing was held on February 9, 2004, before ALJ W. Baldwin Ogden. (Tr. 369-409) On April 8, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 14-24) The ALJ determined that plaintiff had Fabry's disease, mild degenerative disc disease of the lumbar spine, and left leg tibial osteotomy, and that her impairments, in combination, were "severe" within the meaning of 20 C.F.R. § 404.1520, but that she did not have an impairment that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. The ALJ further concluded that plaintiff had the residual functional capacity (RFC) to perform a significant range of sedentary work and that there were a significant number of jobs in the national economy that she could perform notwithstanding her impairments. Id. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 11) The Appeals Council denied the request on December 30, 2004. (Tr. 5-7) The ALJ's decision thus became the final decision of the Commissioner. On March 16, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

---

fat storage disorder caused by a deficiency of an enzyme involved in the biodegradation of lipids. University of Wisconsin Healthlink, www.healthlink.mcw.edu/article/921727118.html

Plaintiff does not contest the ALJ's disability determination in this matter.  Rather, plaintiff seeks to have the matter remanded to the Commissioner for consideration of additional medical evidence that was not before the ALJ when he reached his decision.  Plaintiff contends that the ALJ may have reached a different decision if the evidence had been presented to him.

### III.  Factual Background

Plaintiff's request for a remand is based upon an ankle condition that arose after her alleged onset date.  On April 17, 2003, plaintiff reported to Dr. Angus Goetz that she was experiencing left ankle pain and that she was having difficulty walking as a result of the pain. (Tr. 338).  Upon examination, Dr. Goetz made the following findings and recommendation:

> Examination of the extremity reveals she has a valgus deformity to the left lower extremity at the mid diaphysis of the tibia which is normal.  This has caused some attenuation of her posterior tibialis tendon with the lateral ankle impingement.
>
> X-rays are reviewed of the ankle.  I see no acute osseous pathology of the tibia.  She has a 25-degree valgus deformity from a malunion of a tibia and fibula fracture.
>
> RECOMMENDATION:  I treated her conservatively with a Haypad medical arch support and we will see if this relieves her symptoms.  I will see her in 3-4 weeks.

(Tr. 339)

Dr. Goetz examined plaintiff again on May 8, 2003.  He noted that the arch support had partially relieved plaintiff's ankle pain, but that she was experiencing pain in other areas as a result of her use of the support.  Dr. Goetz recommended that plaintiff undergo a "tibial osteotomy, with possible posterior tibialis reconstructions." (Tr. 339)

Dr. Goetz performed the recommended surgery on October 24, 2003. (Tr. 340-41, 348-49) In a post-surgical report dated December 4, 2003, he noted that the surgical site "appears to be united very nicely" and that "X-rays of the tibia demonstrate the fracture is going on to unite. Excellent callus formation and excellent alignment are appreciated." (Tr. 341) On December 16, 2003, Dr. Goetz reported that plaintiff was "doing quite well" and that X-rays showed that "the fracture is uniting in excellent alignment with evidence of early aggressive callus formation." (Tr. 342)

In January 2004, plaintiff slipped on some ice and re-injured her left ankle. (Tr. 350-51) Dr. Goetz performed a second surgery to repair the damage on January 30, 2004. (Tr. 353-54) In a note dated February 9, 2004, Dr. Goetz stated that plaintiff "will be disabled for the next three months. A full orthopedic recovery is anticipated after that time." (Tr. 355) Dr. Goetz examined plaintiff's ankle again on March 9, 2004. X-rays demonstrated that the "osteotomy remains excellently aligned, excellent fixation is apparent, some early bone healing appears to be apparent although it is not healed at this time." (Tr. 356)

As noted above, the ALJ denied plaintiff's DIB and SSI claims on April 8, 2004. The evidence discussed above was a part of the administrative record on which the ALJ based his decision. In seeking review of the ALJ's decision, plaintiff submitted additional evidence to the Appeals Council. This evidence, which also forms the basis for plaintiff's request for a remand, consists of two letters written by Dr. Goetz to plaintiff's attorney and copies of Dr. Goetz's treatment notes covering the period May 27, 2004 to August 18, 2004. In the first of the two letters to counsel, dated May 3, 2004, Dr. Goetz stated, among other things, that "there is no

convincing evidence that the fracture has gone on to unite and currently she is diagnosed with a delayed union." (Tr. 359) Dr. Goetz indicated that plaintiff's long-term prognosis was "unknown," that she was precluded from working in her current condition, and that the healing process would last "at least 12-20 weeks if not longer and may be up to a year." (Tr. 359-60) In the second letter, dated September16, 2004, Dr. Goetz indicated that plaintiff had to undergo yet another surgical procedure on her left ankle due to "delayed union" of the tibia and that she would be disabled, at a minimum, for an additional 12 to 20 weeks. (Tr. 361)

As for the additional treatment notes submitted by plaintiff, Dr. Goetz indicated on May 27, 2004, that plaintiff had recently obtained a bone stimulator and that x-rays showed that "there does appear to be some increased density between the osteotomy site suggestive of early healing although it has been 8 weeks." (Tr. 362) Dr. Goetz reported on June 17, 2004, that "there is improvement today versus last visit with increased callus formation, adequate alignment, stable hardware." (Tr. 362) Dr. Goetz recommended that plaintiff wear a brace, that she put no more than 25 pounds of pressure on her leg, and that she continue her physical therapy. Id. Plaintiff reported to Dr. Goetz on August 10, 2004, that she began experiencing increased pain and swelling in her ankle over the preceding 7 to 10 days. (Tr. 363) She indicated that she was experiencing pain during physical therapy and when she attempted to bear weight on her ankle. Id. Lydia K. Bolen, a physician's assistant associated with Dr. Goetz, noted that x-rays showed that plaintiff "still lacks a great deal of callus formation." (Tr. 363) Plaintiff was advised to continue with her physical therapy and to be "guarded with her weightbearing status." Id. On August 17, 2004, Dr. Goetz reported the following:

> Brenda Bonamie is seen in recheck regarding her tibia. It is still not united. It is symptomatic. It appears that the tibia in an established nonunion. It has been 10 months since her osteotomy. I cannot get it to heal. Therefore, we will remove the hardware, rod her, bone graft her, bone stimulator. The advantages, disadvantages, risks, benefits and possible complications were discussed. The patient has provided informed consent. We will get her scheduled promptly.

(Tr. 364)  Dr. Goetz performed the surgery on August 18, 2004.  (Tr. 365-366)

### IV.  Analysis

Plaintiff seeks to have the matter remanded to the Commissioner pursuant to sentence six of § 405(g) for further consideration of her disability claims in light of the evidence presented in the first instance to the Appeals Council.

Sentence six of § 405(g) states, in part, the following:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner filed the Commissioner's answer, remand the case to the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

Thus, a sentence six remand is warranted where the claimant demonstrates the following: (1) that new, material evidence is available, and (2) that there is good cause for the claimant's failure to introduce the evidence in the proceedings before the ALJ.  See, e.g., Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (1984).  Further, as the Sixth Circuit stated in Foster,, supra, 279 F.3d at 357 (citations omitted):

> For the purpose of a 42 U.S.C. § 405(g) remand, evidence is new
> only if it was not in existence or available to the claimant at the
> time of the administrative proceeding. Such evidence is material
> only if there is a reasonable probability that the Secretary would
> have reached a different disposition of the disability claim if
> presented with the new evidence. A claimant shows good cause by
> demonstrating a reasonable justification for the failure to acquire
> and present the evidence for inclusion in the hearing before the
> ALJ. As noted above, the burden of showing that a remand is
> appropriate is on the claimant.

Applying these standards, the evidence plaintiff relies on in seeking a remand is certainly "new," as it did not exist at the time the ALJ rendered his decision. Further, plaintiff could not have acquired the evidence prior to the time the ALJ issued his decision. Thus, plaintiff has satisfied the "good cause" requirement. However, as discussed below, the evidence on which plaintiff relies does not satisfy the "materiality" requirement of § 405(g).

Plaintiff did not allege a disabling ankle condition in her DIB/SSI application, and there is nothing in the record indicating that she was having any trouble with her ankle prior to approximately April, 2003, well over one year after her alleged onset date. On April 17, 2003, plaintiff reported to Dr. Goetz that she had been experiencing pain in her ankle, and, as discussed above, plaintiff subsequently underwent a number of surgical procedures to correct the problem. Thus, there is no question that plaintiff has or had a severe ankle impairment. However, the evidence in the record before the ALJ at the time he rendered his decision showed that plaintiff's ankle was healing well and that she was expected to make a "full orthopedic recovery" within approximately three months of the second surgery. (Tr. 355) There was nothing in the record indicating that plaintiff's ankle condition had lasted or could be expected to last for a continuous

period of not less than twelve months, as required under 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A) in order for a impairment to be deemed disabling. The evidence on which plaintiff relies shows that her ankle condition deteriorated well after the administrative hearing. As the Sixth Circuit, and other courts, have held on numerous occasions, "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 685 (6th Cir. 1992); see also Smart v. Commissioner of Social Security, 205 F.3d 1341 (Table), 2000 WL 145395 at **1 (6th Cir.(Ohio))("[E]vidence of subsequent deterioration or change in a claimant's condition after the administrative hearing is immaterial"); Perkins v. Apfel, 14 Fed.Appx 593, 600 (6th Cir. 2001)("[P]ost-decision evidence cannot be considered 'material' because it does not relate to the period under adjudication"); Schmidt v. Barnhart, 395 F.3d 737, 742 (7th Cir. 2005)("[E]vidence is material only to the extent that it could have affected the outcome of the ALJ's decision. Medical records documenting Schmidt's medical condition as it existed in 2002-03 could not have affected the bottom line of a decision rendered in December 2000"). Because the new evidence post-dates the claim period and is not reflective of plaintiff's condition during the claim period, it cannot reasonably be said that the ALJ might have reached a different decision if he had been presented with that evidence. Accordingly, there is no basis for a sentence six remand in this matter. As the Commissioner notes in her brief, if plaintiff believes that the evidence on which she relies establishes that she is disabled, her proper remedy is to file a new DIB/SSI claim with an amended onset date. See Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 712 (6th Cir. 1988)("If, in fact, the claimant's condition had

seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment").

### V.  Conclusion

Plaintiff has not challenged the ALJ's determination that she is not disabled, and, for the reasons discussed above, she has failed to demonstrate that a remand is warranted under sentence six of § 405(g).  Accordingly, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for remand be **DENIED**, and that a judgment be entered dismissing plaintiff's complaint with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

|  |  |
|---|---|
|  | s/Virginia M. Morgan |
|  | VIRGINIA M. MORGAN |
| Dated: August 5, 2005 | UNITED STATES MAGISTRATE JUDGE |

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on August 5, 2005.

>                 s/Jennifer Hernandez
>                 Case Manager to
>                 Magistrate Judge Morgan